'Ruffin,"Chief-Justice.
 

 'Upon looking through this will I am by no means certain that I can gather from it the intention ofthc testator upon the point involved in this suit; ortbatthe construction I am obliged, upon authority'to piit upon his'words, ho not against his intention. ¶ believe, however, tiiat tire claim of the wife cannot be sustained upon adjudged cases, or original principles.
 

 At law a gift of chattels to the wife is a :gift to the husband, and under a devise,the right of the latter to be tenant by the courtesy, attaches in the same manner as if the estate Of the former had accrued by deed or descent. As a general principle, the rule-'of equity is the same. Because the reason for investing the husband with the property is as strong in equity as at Jaw, namely, that he can manage it better than the wife, dispenses with the charges of a trustee, and ought to have it, as he is legally chargeable with the maintenance of the wife and family. But in equity certainly there may be a separate interest given to
 
 the
 
 wife,which cannot be at law. The question always is, whether one was intended by the testator. As I just remarked, I understand that upon this, as upon most other questions upon t-heyjghts to propety, equity follows the law, and there-jore, that while a separate estate can by the law of this
 
 *432
 
 court be given to tlie wife, yet it is not favored. The court does not gather that intention by a measuring cost, ° , but only sustains it when it is unequivocal and expressed in unambiguous terms. The words “separate use” are appropriate to this purpose. Any others may have the same effect standing by themselves, or in context with others, which express the whole legal idea belonging to the first — that is, not barely an interest in- the wife, but the entire interest in her, to. the exclusion of the husband. Tlius in
 
 exparte Ray,
 
 (i
 
 Mad. Rep.
 
 199) “ sole” was said to be tantamount to “separate,” but even in that case there were those other words “such as-éstate-and effects to be and
 
 remain
 
 to the
 
 sole
 
 use, benefit and
 
 disposition”
 
 of. the feme. So.in
 
 Hartley
 
 v.
 
 Hurle
 
 (5
 
 Ves.
 
 540)
 
 Lee
 
 v.
 
 Prieaux
 
 (3
 
 Bro. ch.
 
 383) a trust to pay the profits “into the proper hands of the wife,” or to pay an annuity to the feme covert, the trustee not being bound to see to the application of the money, but to be discharged by her receipt, were deemed sufficient.— In the last, case, because as no other receipt would discharge the trustee but that of the feme, she must be entitled to receive it without,or against the will of the husband. In the former,, because evidence under her hand must be sufficient evidence of payment into her hand and therefore as the receipt of the husband is not necessary, his interest is excluded. Here there is no trust, created, but a bequest of personalty, and a devise of land to the daughter, all in one clause, to which are added these wards, “to be for her and her heirs’ proper use.” I have found no case in which these or similar words have been considered tantamount to separate use. They are the appropriate words in deeds operating under the statute of uses, which, arc almost the only species of conveyance used in this State, and an unskilful person.(such as the draftsman of this will ccrtamly was,.) might very naturally transfer them into a will, without intending to give to them any peculiar force in this instrument, as demonstrative of any meaning of the testator, but that the de-visee or legatee should have the absolute property. It is true, such words are not necessary in a will and it
 
 *433
 
 is likewise .true that we have no right to reject
 
 any
 
 words, but must give effect to every one used. But. the question is what effect? Can we say, the testator meant by these expressions, to give a separate estate to the wife, instead of the absolute property, merely upon the ground that they were not necessary to the latter purpose? The words are not appropriated terms to express either intent, since a will does not raise a
 
 use
 
 and since “proper” has not the same meaning as “separate.” I admit however, that no technical'terms are necessary to express either intent. But yet it is to be considered whether the intention to create a separate use can be collected here. It is argued that it is, because the words are'unnecessary and unmeaning, unless they have that effect, and therefore a different inference is to made from them, than if found in a deed. This argument, if followed out, would carry us to this extent, that every personal bequest to a married woman was to her separate use — for as at law a gift to the wife is a gift to the husband, why in a will give it to the former at all, instead of the latter, unless it was intended that the former, and not the latter, shall have the legacy? There is a possibility, and even a probability, that such was the intention. But a possible or probable intention will not sustain the wife’s claim. It must be plain and more than a conjcctnral exclusion of the husband. Hence although the words might bear the construction contended for, yet if they will bear the other also; if there be an equal probability that they meant to express something else, namely, the interest devised,and not the uses to arise on that intent, the claim of the wife is repelled. It is said, however, that these words “ proper use” have received this meaning in a will; and
 
 Hartley
 
 v.
 
 Hurle
 
 is relied on as authority in point. I have already remarked on that case. It was a trust
 
 “to
 
 pay the profits into the proper hands” of the daughter a feme covert. It did not turn on the word «‘proper,” hut upon the
 
 “payment into the hands
 
 of the legatee; and was supported as a separate interest in the wife, notwithstanding the omission of the usual words “ notwithstanding her co-
 
 *434
 
 venture,” because her receipt was necessarily a .sufficient disebarge to the trustee, without her husband joining_ So it was held in
 
 Adamson v. Armitage,
 
 (19
 
 Ves.
 
 419,) that a trust to pay income for “her own sole use and benefit” made a separate estate, but this was on the word “sole.” A case was cited there and in
 
 Lamb
 
 v.
 
 Milnes
 
 (5
 
 Ves.
 
 517,) in which it was said to have been decided that the words “ for her own use and benefit,” would have been sufficient, without “sole.” But upon examination that case was found to be the other way, as is stated in a note to
 
 Lee
 
 v.
 
 Prieaux.
 
 And there are two subsequent cases upon these very words, “own use and
 
 benefit”
 
 — Willis v.
 
 Sayres
 
 (4
 
 Mad.
 
 409) and
 
 Roberts
 
 v.
 
 Spicer,
 
 (5
 
 Mad.
 
 491.) It is true that in the former case there was a previous express legacy in trust for the separate use of the wife; and in the latter, property was given by another clause, to trustees for tiie wife, “ not subject to the debts of the husband,” and the court- said these express separate provisions made it clear that the others were not of that character. But, it was likewise held that upon the force of the particular words “ her use” or “ her own use” in the clauses then under consideration, no
 
 separate
 
 use could be implied ; for “ her use” expressed nothing that would not arise without them, and “her
 
 own
 
 use” meant no more. I think no person can find a difference between “her ohm,” and “her
 
 proper
 
 use,” Upon authority, therefore, this disposition even in England would not, as Í conceive, be held to secure the property separately to the wife; much less ought it to be here, since such provisions are uncommon among us, and it may therefore be asserted, that when intended, the purpose will be very explicitly expressed.
 

 Upon the words of this clause alone, therefore, my opinion is decisively against the bill.
 

 But upon this clause in connection with the rest of the will, I admit the question is more doubtful. The testator gives to this daughter in the beginning of his will two female slaves, some articles of furniture,(which lie says lie gave her upon her marriage,) and a tract of laud, “all to be for her, and her heirs’ proper use and
 
 *435
 
 the issue of tbO'slaves in the same way.’* He bad ano-thoi-daughter, Mrs. Neil.to whom in another clause, lie g¡vef¡ s¡u,|jai. property exactly in Hie samo words. All bis otlier children are-sons, to whom' he makes dispositions- of personalty and really without expressing what estates lie gives them, or using the word “heirs.” By another clause, there is a devise to the plaintiff of two Jots in Charlotte, on-which her husband has built a tan-yard; without any other-words ; ami for the purpose of paying-his debts, he directs certain land and the residue ofliis estate to be sold, and gives the surplus, after payment of debts equally to be divided amongst all his'children and his wife. By the first clause in the will the testator gives to his wife certain lands for life; and also an- absolute property in some personal things, and adds “which latter I will, at hc.r disposal,.”' and in the eleventh.clause* gives to his. wife during life., all his household and kitchen furniture, with an absolute property in the-best bureau and table, adding “to-be at her disposal.”
 

 The doubt upon this w'rll taken altogether, arises on the difference in the terms in which the lots, in Charlotte, and the property now claimed, are given to the same person. That is increased when we find the provision for the only remaining daughter, stated in the same words, while nothing like it is said in the devises to the sons. This raises a- strong probability that some difference was meant either in the extent or nature of the interest of the sons and daughters, and as to the property given to this daughter in the two clauses by which she is provided for. The question is whether that difference consists in raising a separate use. I am not sure that was not the meaning of the testator. I incline to think it was. But I am not sure it was. I conjecture so; because if he did not mean an absolute gift in the ordinary way, that is the next and most natural tiling wo should expect him to mean. But it will not do to guess. The husband cannot he excluded without plain
 
 recorded
 
 words, or a necessary implication. Here ‘ proper use’ is applied in the will as well ‘ to her heirs’ as to her-
 
 *436
 
 'seif; which rebuts tho idea that it was intended to convey tho sense of sole or separate use of the ’wife, iii respect either of her-then,or any subsequent husband.;— The thought which dictated the sentence may I apprehend, have been rather the interest oh the children Of the. daughters. To the sons and the daughters he intended the whole property, and'expecting the sons tobe able to provide-for their families, he does not fetter the gifts to them by airy-provision of his-own. If, is otherwise as to his daughters, and therefore he adds, that the gifts to them shall be not only for
 
 their
 
 proper use, but also for the propel1 use of “
 
 their heirs’’
 
 or children-: which intention is the more strongly to be implied from the superaddition of the issue of the said slaves in the same way. What way? Not to the wife, as against the husband ; for no such provision “could be necessary for that purpose, since if the wife had the separate estate in the mothers, she would have it also in the increase. But as the words “ her heir’s proper-use” were in the mind of tho the testator, appropriate only to the land.-and showed only that he intended tho children to take an interest in that, he, feared that tiiey might mit have the increase of the slaves. Ho says therefore ex"pressly, that such shall be the -case. Í acknowledge that this is not clear, and it is time that if such whs the intention of the testator, it cannot upon'these words bo effectual. For the children cannot take undeír ‘this clause, but the whole vests in the mother. But \ve are seeking the intention of the testator, as to t-hc creation of a separate estate, and therefore if the words, though nbt effectual for the purpose, wfcre used to a different end,"they cannot raise the former intention. “The issue of the slaves to go in the same way,” seems to me to make it at least probable that the whole clause upon which this claim is founded, was introduced to restrain alienation by the husband and wife, or by the latter alone,so that the property should go to the issue; the testator deeming it sufficient that the issue should take by succession, which would fall on them if the alienation was forbidden. This too is fortified by these provisions
 
 *437
 
 for the. wife, the only otlier female mentioned in the will. Where the testator gives to her absolutely in terms, lie further grants in each case his permission that it may be aücnatod by saying “to be at her disposal.”
 

 Upon the whole therefore, although I think it more than probable that the testator meant to exclude the husband, I am constrained to decide in favor of his right, because the conclusion is not manifest. The words in the'particular clause, do not themselves in their natural sense, import it sufficiently. In their context they shew that the testator may have meant something else besides a simple disposition in absolute property to his daughters, but are not sufficiently explicit to have the effect on tiie one hand of destroying the right of the husband, more than on the other, of admitting the issue as purchasers. If the testator had either or both of those intentions, he has expressed himself too defectively to enable the court to control the operation of the general terms of disposition, and the bill must be dismissed with costs.
 

 Per Curiam — Bixx Dismissed.